UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ALLSTATE INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY6; ALLSTATE
PROPERTY AND CASUALTY
INSURANCE COMPANY; and
ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY

Case No. 2:20-cv-12008-LVP-EAS

   Plaintiffs,

**v.**

ISPINE, PLLC; SURGICAL CENTER
OF SOUTHFIELD, LLC; NORTHWEST
NEUROLOGY, P.C.; PERFORMANCE
ORTHOPEDICS OF MICHIGAN PLLC;
BRR MEDICAL SUPPLY, INC.; GULF
COAST MEDICAL SERVICES, LLC;
CCT MEDICAL SUPPLIES, INC;
STEFAN PRIBIL, M.D.; WESLEY
BLAKE BARBER; TESSY JENKINS,
M.D.; and ROBERT SWIFT, D.O.,

   Defendanst.

_____/

## ANSWER TO COMPLAINT

NOW COMES Defendants, ISPINE PLLC, DR. STEFAN PRIBIL, and WESLEY

BLAKE BARBER (herein after collectively referred to as "Defendants" and / or "ISpine",

"Pribil", and/ or individually referred to as "Barber"), by and though their Attorneys,  and for

their answer to the Complaint hereby state as follows:

### I.  INTRODUCTION

1

1.  As to Defendants, this case is about Plaintiffs' tactic of periodically suing various medical providers', including but not limited to Defendants, for alleged fraud and / or RICO violations in order to avoid their obligations pursuant to the No-Fault Act.  Notwithstanding the issue of proper licensing, the "lawfully rendered" issue - much like the "reasonable necessary" issue – is a factual question and must be left to the jury.  It appears that, like the last RICO case (See *Allstate et al v. Mercyland Health, et al*, Case No. 18-cv-1336), Plaintiff is attempting to circumvent the jury / juries via an overly broad and improper RICO claim and is trying to improperly shift the burden to Defendant and remove the jury completely from the determination as to whether or not the medical procedures at issue were in fact reasonable and necessary. Again, Plaintiff is entitled to dispute whether they believe a medical procedure was reasonable and necessary, however their remedy is to deny the claim. Thereafter, the injured party or medical provider can dispute the denial of the claim and it is for the jury to determine whether the procedures were reasonable and necessary. Allstate, via the instant action is attempting to circumvent the jury and insert their opinion in place of that of the jury. Such is wholly improper and an abuse of the judicial system.  More specifically, and upon information and belief not delineated in this Complaint, one of the cases cited by Plaintiff (BS) as being a fraud case, is currently pending before this Court as case number 2:19-cv-11458-GAD-APP. Beyond this, Allstate cites a case they (through their counsel) litigated with Defendant Ispine and voluntarily entered into a settlement agreement to resolve the claim

for a monetary payment. If this were not enough, Allstate cites 2 other cases they claim to be examples of "fraud", however, these two matters were resolved via Allstate's prior RICO action against Dr. Pribil and Ispine, PLLC in March of 2019. Now, one year later, Allstate is back at it and is again alleging Defendants are engaged in a criminal enterprise and conducting unreasonable and unnecessary surgeries, but Plaintiffs go beyond this and again allege that not only were the surgeries unreasonable and unnecessary but that they were not even done at all. Plaintiffs' assertions that they just became aware of these allegations is absurd and they made the same allegations and resolved such only a year ago.

2. Denied for the reason the statement is untrue.  By way of further explanation, the only payments that were made to Defendants were made pursuant to settlement agreement(s) and / or the alleged improper claims were already dismissed pursuant to a settlement agreement. Therefore, and as to Defendants, the bulk of Plaintiffs' claims are barred by issue / claim preclusion.  Alternatively, if Plaintiffs succeed in setting aside the settlements – which they must not – then Defendants must be allowed to re-litigate the claims regarding the relevant spinal surgeries.

3. Denied, as there were no tortious, fraudulent, or illegal actions taken by Defendants.

4. Denied, as there were no tortious, fraudulent, or illegal actions taken by Defendants. As to alleged "mistake(s) of fact – there is no mistake of fact but rather payments made pursuant to settled litigation and / or barred

by a settlement agreements. Any and all claims / surgeries by Defendants / ISpine that occurred prior to December 31, 2018 were settled pursuant to Allstate's prior frivolous RICO action that they filed less than two years ago. (See case *Allstate et al v. Mercyland Health, et al*, Case No. 18-cv-1336). In short, it defies logic for Plaintiffs – given their history of RICO litigation as to Defendants specifically and No-Fault medical providers' at large – to claim that they settled litigation pursuant to "mistake(s) of fact" and / or that the same were "unjust enrichment".

5. Denied. By way of further clarification, there were no tortious or fraudulent acts or omissions committed by Defendants either intentional or otherwise. By way of further explanation and when legitimately settled / litigated cases are properly excluded, Plaintiffs maximum damages as to Defendants regarding the relevant surgeries are $11,510.26 (of which Defendant Ispine disputes even receiving $10,597.00 of voluntary payments, thus leaving Plaintiffs damages arising from their grand complaint to $913.26)

## II.    THE PARTIES

### A.  PLAINTIFFS

6. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

7. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

8. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

9. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

10. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

## B. DEFENDANTS

### 1. ISpine PLLC

11. Admitted.

12. Admitted.

13. Denied.

14. Admitted.

15. Denied.

### 2. Surgical Center of Southfield

16. This Paragraph is not applicable to Defendants.

17. This Paragraph is not applicable to Defendants.

18. This Paragraph is not applicable to Defendants.

19. Denied as to the allegation that Fountain View was "operated and conducted" by ISpine.  The rest of the Paragraph is not applicable to Defendants.

20. This Paragraph is not applicable to Defendants.

21. This Paragraph is not applicable to Defendants.

### 3.  Northwest Neurology, P.C.

22. This Paragraph is not applicable to Defendants.

23. Denied as to Defendants as they did not operate or control Northwest.  As to Defendant Jenkins, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. Sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

24. This Paragraph is not applicable to Defendants.

25. This Paragraph is not applicable to Defendants.

### 4.  Performance Orthopedics of Michigan PLLC

26. This Paragraph is not applicable to Defendants.

27. This Paragraph is not applicable to Defendants.

28. Denied that Defendant Barber operates or conducts Performance Orthopedics. The rest of the Paragraph is not applicable to Defendants.

29.  This Paragraph is not applicable to Defendants.

30. This Paragraph is not applicable to Defendants.

### 5.  BRR Medical Supply, Inc.

31. This Paragraph is not applicable to Defendants.

32. Defendants have no control over BRR Medical. This rest of the Paragraph is not applicable to Defendants.

33. This Paragraph is not applicable to Defendants.

34. This Paragraph is not applicable to Defendants.

### 6.  Gulf Coast Medical Services, LLC

35. This Paragraph is not applicable to Defendants.

36. This Paragraph is not applicable to Defendants.

37. This Paragraph is not applicable to Defendants.

38. Defendants have no control over Gulf Coast. This rest of the Paragraph is not applicable to Defendants.

39. This Paragraph is not applicable to Defendants.

40. This Paragraph is not applicable to Defendants.

### 7.  CCT Medical Supplies, Inc.

41. This Paragraph is not applicable to Defendants.

42. Defendants have no control over CCT Medical. This rest of the Paragraph is not applicable to Defendants.

43. This Paragraph is not applicable to Defendants.

44. This Paragraph is not applicable to Defendants.

### 8.  Stefan Pribil, MD

45. Admitted.

46. Admitted that Pribil is the owner / operator of Defendant ISpine. Denied
that Pribil has any control or ownership interest in Fountain View,
Northwest Neurology, Performance Orthopedics, BRR medical, Gulf Coast,
and CCT medical.

### 9.  **Wesley Blake Barber**

47. Admitted.

48. Barber is the practice manager of ISpine.  Denied that Barber has any
ownership interest in Fountain View, Northwest Neurology, Performance
Orthopedics, BRR medical, Gulf Coast, and CCT medical.

### 10. **Tessy Jenkins, MD**

49. This Paragraph is not applicable to Defendants.

50.  Jenkins has no control or ownership interest in ISpine. The rest of the
Paragraph is not applicable to Defendants.

### 11. **Robert Swift DO**

51. This Paragraph is not applicable to Defendants.

52. This Paragraph is not applicable to Defendants.

### III.   **JURISDICTION AND VENUE**

53.  28 USC Sec 1331 speaks for itself. However, Defendants dispute "Federal
Question" jurisdiction.

54. 28 USC Sec 1332 speaks for itself.  However, Defendants dispute Diversity jurisdiction as, in part, when previously settled claims are stricken from the Complaint, Plaintiffs do not meet the jurisdictional amount of $75,000.00 per Defendant.

55. 28 USC Sec. 1367 speaks for itself.  However, as federal question and / or diversity jurisdiction is improper, there can be no supplemental jurisdiction.

56. Without waiving any of the above objections and / or should the same be overruled, Defendants agree that venue is proper.

## IV.    **BACKGROUND ON THE DEFENDANTS**

57. Denied.

58. Denied.

59. Denied.

60. Admitted that Ispine was formed in Florida but Defendants deny that Pribil was "recruited" to "generate bills" pursuant to No-Fault.

61. Denied.

62. Defendants admit that Barber has been indicted but obviously disagree with the basis for the indictment and / or the opining of Plaintiffs in this paragraph.

63. The allegations speak for themselves, but Defendant Barber refutes the allegations in total.  Defendant Barber is vigorously contesting the indictment.

64.  Denied.

65.  Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

66. Denied.

67. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

68. Any alleged deposition testimony speaks for itself.   However, as to the substance and / or accuracy of the same, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

69. Denied as untrue that Barber could "override" Pribil.

70. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

71. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

72. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

73. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

74. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

75. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

76. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

77. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

78. Denied for the reason the statement is untrue.

79. Denied as no medical decisions were made based on financial concerns. Further, no improper nor unnecessary procedures were performed.

80. Any alleged deposition testimony speaks for itself.   Denied as Barber never "drove" any charges. Moreover, as to the substance and / or accuracy of the same, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient

information with which to form a belief and therefore leave Plaintiffs to their proofs.

81. Admitted that Barber has met Angelo but there was no "recruiting".

82. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

83. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

84. Denied for the reason the statement is untrue.

85. Any alleged deposition testimony speaks for itself.   Moreover, as to the substance and / or accuracy of the same, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

86. Denied that any unnecessary or improper medical procedures were performed.

87. Denied as none of the named parties on this paragraph "controlled" any treatment or solicited any patients.

88. . Any alleged deposition testimony speaks for itself.   Denied as Barber never "drove" any charges. Moreover, as to the substance and / or accuracy of the same, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient

information with which to form a belief and therefore leave Plaintiffs to their proofs.

89. Denied as, as explained at numerous points herein, Plaintiffs egregiously mischaracterize Defendants actions and / or lack thereof.

90. Denied for the reason the statement is untrue.

91. Denied for the reason the statement is untrue. In further response, Defendants' never paid for soliciting of patients and patients never underwent unnecessary surgeries.

92. Denied as, as explained at numerous points herein, Plaintiffs egregiously mischaracterize Defendants actions and / or lack thereof.  Admit that Defendant Pribil and Defendant Ispine have performed surgeries at a number of different surgery centers.

93. Denied as there were no "unreasonable" bills.  Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

94. Denied for the reason the statement is untrue. In further response denied that Defendant Barber received any personal financial gain from insurance claims submitted by Defendant Performance Orthopedics.

95. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

96. Admit that throughout his 40 year career as a neurosurgeon, Dr. Pribil has not always utilized neuromonitoring, however, as he became more familiar with the benefits (some being life-saving benefits). Dr. Pribil and Ispine, PLLC began utilizing the technology.

97. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

98. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. In further response, Defendants deny that any unnecessary procedures were performed and that it was Dr. Malik who stopped working with Ispine. As Dr. Malik was no longer providing the services Defendants sought out a replacement and engaged the services of Dr. Tessy Jenkins and Northwest Neurology.

99. Denied for the reason the statement is untrue.

100. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

101. Denied for the reason the statement is untrue. AS to Defendant Ispine, any and all prescriptions made post-surgery were for the benefit and recovery of their patients. These prescriptions were both reasonable and necessary for the safety and recovery of surgery patients. Beyond this,

Defendants Ispine, Pribil and Barber have no interest in any of the DME companies and receive absolutely no benefit from the prescription of any DME to patients.

102.    Not applicable to Defendants and / or Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

103.    Not applicable to Defendants and / or Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

104.    Admit that Dr. Pribil and Dr. Swift both have performed surgeries at Greater Lakes Ambulatory Surgical Center for a short duration.

105.    Not applicable to Defendants and / or Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.  However, and again, ISpine never engaged in the following: performed unnecessary surgeries and / or billed of services not performed.

106.    Denied as untrue at to Defendants.

107.     Admitted that Defendants, in part, submitted _legitimate_ bills in the described method(s).

**V.    DEFENDANTS HAVE NEVER BILLED FOR SERVICES NOT RENDERED**

108.    Admit that Defendant Ispine submitted bills seeking payment for medical services rendered to Allstate insureds. Denied as to the allegation that the services were never rendered.

109.    Denied for the reason the statement is untrue.  Moreover, the only substantial claims related to spinal surgeries concern a total of 7 surgeries. Two of these were resolved in the prior RICO, one was settled with Plaintiff Allstate after litigation and another is on the eve of trial. Thus leaving 3 surgeries to constitute a civil RICO action.  Said surgeries were unequivocally performed and Defendant knew they were performed.

110.    Denied as to the allegation that any services were not performed, such is a blatant fabrication.

111.    Denied as Plaintiffs as all surgeries were performed. In further response 3 of the 7 surgeries have been resolved via settlement and 1 is on the eve of trial thus leaving only 3 surgeries to form the basis of Plaintiffs' RICO action.

112.    Admit that Ispine, PLLC utilize's several surgery centers including but not limited to Fountain View.

113.    Not applicable to Defendants. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

114.    Not applicable to Defendants. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

115.    To the extent the allegations mention "surgeons" and / or include Defendants, Defendants have never billed for surgeries not performed. As to the rest of the allegation, it is not applicable Defendants and / or Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

116.    Denied that Defendants ever billed for services not rendered. As to the rest of the allegation, it is not applicable Defendants and / or Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

117.    The following are explanations that refute Plaintiffs' allegations regarding surgeries that were allegedly not performed:

-    Not applicable to Defendants. Defendants have no control or input as to the billings of Fountain View. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

- Not applicable to Defendants. Defendants have no control or input as to the billings of Fountain View. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

- Not applicable to Defendants. Defendants have no control or input as to the billings of Fountain View. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

- Not applicable to Defendants. Defendants have no control or input as to the billings of Fountain View or as to the treatment provided by Performance Orthopedics. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

- Not applicable to Defendants. Defendants have no control or input as to the billings of Fountain View or as to the treatment or billing of Performance Orthopedics. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

- Not applicable to Defendants. Defendants have no control or input as to the billings of Fountain View or as to the treatment rendered or billings by Performance Orthopedics. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

- Not applicable to Defendants. Defendants have no control or input as to the billings of Fountain View or as to the treatment or billings of Performance Orthopedics. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

- Not applicable to Defendants. Defendants have no control or input as to the billings of Fountain View. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

118. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. In further response, Defendant Ispine billed Allstate the reasonable and customary rates for spinal surgeries in Michigan.

119.    Admit that Defendant Ispine performed a two level disc replacement for patient TY on or about January 22, 2020 and billed accordingly for such. Further, it should be noted that Allstate has paid exactly zero dollars for this surgery and rather than litigating the actual case in controversy in Circuit Court they have instead filed this action in an effort to circumvent the jury from making determinations as to the reasonableness and necessity of the surgeries.

120.    Admit that a nurse practitioner was present at the surgery.

121.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. In further response, Allstate attempting to make the leap from a secretary at Spine and Health telling them the patient is not treating there to the conclusion that no surgery was performed is absolutely ridiculous.

122.    Admit that Ispine provided a prescription for DME post-surgery for patient T.Y. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. Again, Defendants have no control or input over the billings of any other companies. Further, Allstate attempting to draw conclusions about the services rendered by Defendant Ispine from the fact that a DME company did not bill them is absurd.

123.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. Again, Defendants have no control over the competence and note taking of any other physicians.

124.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. Again, Defendants have no control over the competence and note taking of any other physicians. In further response, what is lacking from Allstate's allegations that the surgery was not performed is any input from the actual patient (T.Y.) or the surgeon who performed the surgery (Dr. Pribil). It would seem such would be the starting point for any inquiry or allegation that the surgery was not performed as alleged by Allstate.

125.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. Again, Defendants have no control over the competence and note taking of any other physicians. In further response, what is lacking from Allstate's allegations that the surgery was not performed is any input from the actual patient (T.Y.) or the surgeon who performed the surgery (Dr. Pribil). It would seem such would be the starting point for any inquiry or allegation that the surgery was not performed as alleged by Allstate.

21

126.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. Again, Defendants have no control over the competence and note taking of any other physicians. In further response, the fact that T.Y. was allegedly able to participate in physical therapy post-surgery is a testament to the success of the treatment provided by Dr. Pribil and Ispine, PLLC.

127.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. Again, Defendants have no control over the competence and note taking of any other physicians.

128.    Again, Defendants have never billed for procedures that were not performed.  As to the records of other medical providers.  Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. In further response, Plaintiffs are attempting to usurp the role and function of a jury and are imposing their own determinations in an attempt to not pay medical bills incurred by their own insureds.

## VI.    <u>MULTIPLE BILLING FOR IDENTICAL SERVICES</u>

129.    Denied as untrue as to Defendant Ispine. As to the remaining allegations, Defendants neither admit nor deny the allegations contained

22

in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

**A. Multiple Billing for DMW**

130.    Not Applicable to Defendants.  Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

131.    Denied as to the allegation of "predetermined DME orders". Defendant Ispine admits that Dr. Pribil performed a two level cervical discectomy at C5-C6 and C6-C7 and Dr. Pribil wrote a prescription for compression device. In further response, it should be noted that with regards to patient B.S., Plaintiff and Defendant Ispine have been engaged in ongoing litigation in the federal court, as indicated above. Said matter is beyond discovery and summary judgment motion cutoff dates and is set for trial within the next few months. As an effort to prevent this matter from proceeding to trial, Plaintiffs filed the instant action.

132.    Not Applicable to Defendants.  Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

133.    Not Applicable to Defendants.  Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained

in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

134.    Not Applicable to Defendants.  Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

135.    Not Applicable to Defendants.  Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

136.    Not Applicable to Defendants.  Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

137.    Not Applicable to Defendants.  Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

138.    Not Applicable to Defendants.  Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

139.    Not Applicable to Defendants.  Additionally, as to the actions of other

providers, Defendants neither admit nor deny the allegations contained

in this paragraph because they are without sufficient information with

which to form a belief and therefore leave Plaintiffs to their proofs.

B.   **MULTIPLE BILLIGN FOR PROCEDURES**

   1.   **Multiple Billing by ISpine and Fountain View**

140.    Denied as untrue as to Defendant Ispine.  Additionally, as to the

actions of other providers, Defendants neither admit nor deny the

allegations contained in this paragraph because they are without

sufficient information with which to form a belief and therefore leave

Plaintiffs to their proofs.

141.    Denied for the reason the statement is untrue. In further response,

there are a limited number of surgical procedures that can be performed

in the cervical spine so a majority of the surgeries will be related to the

lumbar or the cervical spine.

142.    Denied as untrue as to Defendant Ispine.  Additionally, as to the

actions of other providers, Defendants neither admit nor deny the

allegations contained in this paragraph because they are without

sufficient information with which to form a belief and therefore leave

Plaintiffs to their proofs.

143.    Admit that Defendant Ispine properly billed for the procedures

performed.  Additionally, as to the actions of other providers, Defendants

neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

144.    Admit that Ispine, PLLC uses a number of relevant and proper CPT codes to bill for procedures conducted by Dr. Pribil. The bundling of the CPT codes does not somehow eliminate the actual worked performed by Dr. Pribil and as such Ispine bills for the actual work performed. While Plaintiffs would prefer the AMA guidelines and codes be strictly followed the No-Fault law simply does not require such.

145.    Neither admit nor deny, Medical definitions speak for themselves.

146.    Denied for the reason the statement is untrue as to ISpine. In further response, the proposed bundling of the CPT codes does not somehow eliminate the actual worked performed by Dr. Pribil and as such Ispine bills for the actual work performed. While Plaintiffs would prefer the AMA guidelines and codes be strictly followed the No-Fault law simply does not require such.

147.    Neither admit nor deny as the AMA coding guidelines speak for themselves. In further response, the AMA billing guidelines have not been adopted as to Michigan No-Fault law and as such have no bearing on the billing of any medical provider who is pursuing their bills under the No-Fault law. Had the Michigan legislature sought to adopt the AMA billing guidelines they could have done so and have chosen not to. In fact, even with the upcoming changes to Michigan No-Fault law, the AMA billing

guidelines have not been adopted. Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

148.    Denied for the reason the statement is untrue. In further response, again Plaintiffs are under the mistaken impression that the Michigan no-Fault law requires the use of the AMA billing guidelines, such is simply not the case.

149.    Denied for the reason the statement is untrue. In further response, again Plaintiffs are under the mistaken impression that the Michigan no-Fault law requires the use of the AMA billing guidelines, such is simply not the case.

150.    Denied for the reason the statement is untrue as to ISpine.  In further response, Defendant Ispine properly billed for all the work performed and expect to be compensated for such. Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

151.    As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

152.   As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

153.   As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

154.   As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

155.   As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

156.   As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

157.   As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are

without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

158.    As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

159.    Denied for the reason the statement is untrue. In further response, Defendant Ispine properly billed for all the work performed and expect to be compensated for such.

### 2.  **Multiple Billing by Performance Orthopedics and Fountain View**

160.    Not applicable to Defendants.

161.    Not applicable to Defendants.

162.    Not applicable to Defendants.

163.    Not applicable to Defendants.

164.    Not applicable to Defendants.

165.    Not applicable to Defendants.

166.    Not applicable to Defendants.

167.    Not applicable to Defendants.

168.    Not applicable to Defendants.

169.    Not applicable to Defendants.

170.    Not applicable to Defendants.

171.    Not applicable to Defendants.

172.    Not applicable to Defendants.

173.   Not applicable to Defendants.

174.   Not applicable to Defendants.

175.   Not applicable to Defendants.

176.   Not applicable to Defendants.

177.   Not applicable to Defendants.

178.   Not applicable to Defendants.

179.   Not applicable to Defendants.

180.   Not applicable to Defendants.

181.   Not applicable to Defendants.

182.   Not applicable to Defendants.

183.   Not applicable to Defendants.

**VII.   <u>UNLAWFUL AND UNLICENSED SERVICES</u>**

184.   Not applicable to Defendants.

185.   Not applicable to Defendants.

186.   Not applicable to Defendants.

187.   Not applicable to Defendants.

188.   Not applicable to Defendants.

189.   Not applicable to Defendants.

**VIII.   <u>UNREASONABLE AND UNNECESSARY FRAUDULENT TREATMENT</u>**

190.   Denied as to Defendants. In further response, all treatment billed for

by Defendant Ispine were provided to the patient. Without any evidence

to support the assertion, Plaintiffs levy extremely serious allegations

against Defendant Pribil (a board certified neurosurgeon who has been practicing for over 40 years without incident). All billings submitted by Defendant Ispine were reasonable and customary. The allegation that treatment was "unlawfully provided" assumes that the medical provider was not lawfully able to perform the treatment. Defendant Pribil is a board certified neurosurgeon and was lawfully able to perform all the surgeries complained of by Plaintiffs. Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

191.   Denied for the reason the statement is untrue as to Defendants.   In further response, Defendants billed Allstate for the medical procedures they performed for the benefit of Allstates' own insureds. Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

192.   Denied for the reason the statement is untrue as to Defendants. In further response all treatment provided by Defendant Ispine was reasonable and necessary. Further, Defendants have not realized any financial gain, let alone "maximized their financial gain" as Plaintiffs have simply refused to pay a large majority of Defendant Ispine's bills. In fact,

the bulk of their alleged damages in the instant suit arise from a lawsuit

in which Allstate (defended by their own legal counsel), voluntarily

agreed to resolve Ispine's outstanding bills. Now, without ever attempting

to set aside that dismissal/settlement they attempt to use the settlement

proceeds as damages in this matter.  Additionally, as to the actions of

other providers, Defendants neither admit nor deny the allegations

contained in this paragraph because they are without sufficient

information with which to form a belief and therefore leave Plaintiffs to

their proofs.

193.    Denied as untrue as to Defendants.   Additionally, as to the actions of

other providers, Defendants neither admit nor deny the allegations

contained in this paragraph because they are without sufficient

information with which to form a belief and therefore leave Plaintiffs to

their proofs.

194.    Denied as to Defendants.   In further response, it should be noted that

Plaintiffs have recently filed and resolved yet another RICO action they

filed against Defendants Ispine and Pribil. Said RICO action was resolved

by the parties on or about March of 2019. Any allegation that Plaintiffs

were unaware of the allegations they have set forth in the instant

complaint is simply untrue. Additionally, as to the actions of other

providers, Defendants neither admit nor deny the allegations contained

in this paragraph because they are without sufficient information with

which to form a belief and therefore leave Plaintiffs to their proofs.

195.    Denied as to Defendants.   Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

196.    Denied as to Defendants.   Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

197.    Denied as to Defendants.   Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

198.    Denied as untrue. In further response, it should be noted that Plaintiffs have recently resolved yet another RICO action they previously filed against Defendants Ispine and Pribil. Said RICO action was resolved by the parties on or about March of 2019. Any allegation that Plaintiffs were unaware of the allegations they have set forth in the instant complaint is simply untrue.   Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

A.  **MEDICALLY UNNECESSARY SURGERIES BILLED BY ISPINE AND FOUNTAINVIEW**

199.    Denied as to Defendants.  In further response, surgeries performed by Ispine/Pribil were performed for the benefit of Allstate insureds. Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

200.    Denied for the reason the statement is untrue. In further response, a vast majority of patients who present to Defendant Ispine are not surgical candidates and do not have surgery performed. Defendant Pribil routinely rejects potential patients as he does not deem they are in need of or will benefit from surgical intervention.

201.    Denied for the reason the statement is untrue. In further response, Dr. Pribil reviews all the relevant records in order to form his medical opinion as to the need for surgery. In some instances, a review of the MRI films is sufficient for him to identify an issue and determine if surgical intervention may resolve the problem.

202.    Admit that Dr. Pribil may rely upon his staff as any other surgeon does, however, often times it is Dr. Pribil who initially meets with patients and conducts his examination and interview. Beyond this, only Dr. Pribil reviews the MRI films and makes a determination as to the medical necessity of surgery.

203.    Deposition testimony speaks for itself but is not dispositive and / or de facto true and or accurate. Defendants deny the allegation as untrue.

34

204.    Denied for the reason the statement is untrue. In further response, Dr.
Pribil reviews all MRI films, relevant records and each and every patient
undergoes an initial examination with Ispine, PLLC.

205.    Admit that Defendant Pribil examined patient F.E. on January 9, 2019
with regards to complaints of neck pain arising from an accident two
years prior. The intake form indicates that the patient did not have pain
injections and she advised that she did physical therapy but it was of
"minimal help". Dr. Pribil reviewed the relevant MRI and diagnosed
patient with significant disc herniation central and to the left. At C5-C6,
there is neural foraminal narrowing right worse than left. Thus Dr. Pribil
noted there were issues with both the right and left sides.

206.    Admit that no further MRI's were medically necessary given the
finding of the 2017 MRI's and the patient's ongoing complaints of
continued and persistent neck pain.

207.    Admit that Ispine's report accurately indicated that the patient failed
all conservative therapy. Again, the notes clearly indicate that the patient
did not have neck or back injections thus the statement that she failed all
conservative therapy is accurate as she failed all the therapy she was
subjected to. Beyond this, pain injections are not conservative therapy.

208.    The surgical report speaks for itself. In further response, the report
itself indicates "I found a disc herniation deep in both disc osteophyte
complex on BOTH right and left side".

209.    Admit that Defendant Ispine billed Allstate for lumbar surgery it performed on insured K.M. on February 21, 2019.

210.    Admit that the patient had previously had her femur "rodded". Such was specifically noted in K.M.'s initial visit to Ispine, PLLC on September 5, 2018. Under the heading of PAST SURGICAL HISTORY, it is noted that she had femur surgery.

211.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. In further response, a prior leg injury would be of little consequence to a neurosurgeon's review of the cervical or lumbar spine. Beyond this, as K.M. was an ongoing patient for Ispine, she had previously undergone a physical examination on September 5, 2018.

212.    Denied for the reason the statement is untrue. In further response, Defendant Pribil reviewed the lumbar MRI films previously and notes the MRI showed disc herniation at L4-L5 and diffuse herniation at L5-S1.

213.    Denied for the reasons the statement is untrue. In further response, each patient is individually evaluated and the need for new MRI's is determined on a patient by patient basis.

214.    Denied for the reason the statement is untrue. In further response, it is within the medical standard of care to perform surgeries that are necessary at the time, there is no medically appropriate waiting period to perform a surgery.

215.    Denied as Defendants – ISpine and Pribil – never performed unnecessary procedures and all procedures performed were properly compensable pursuant to the No-Fault Act.

**1.  Improper Use of IONM**

216.    Denied as IONM was never used unnecessarily and in fact is recommended by leading medical authorities as a necessity for spinal surgeries and for patient safety. Additionally, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

217.    The document speaks for itself.

218.    Denied for the reason the statement is untrue. The medical literature suggests that there are a number of justifications for IONM during spinal surgeries, including but not limited to patient safety.

219.    Any deposition testimony speaks for itself, but the same, in this context, is a mischaracterization and / or denied.

220.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

221.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

222.    Denied for the reason the statement is untrue. In further response, no

patients were "rushed" to surgery and Ispine does not solely rely on

IONM to justify the necessity of surgery. Such discounts the MRI records,

physical examinations and the oral history of the patient's accounting of

when the pain began.

223.    Defendants neither admit nor deny the allegations contained in this

paragraph because they are without sufficient information with which to

form a belief and therefore leave Plaintiffs to their proofs.

224.    Denied for the reason the statement is untrue.

225.    Denied for the reason the statement is untrue. By way of further

explanation, ISpine / Pribil strictly adhere to all applicable guidelines /

standard of care.

226.    Denied for the reason the statement is untrue. In further response,

Defendant Ispine operates within the applicable standard of Care and

Plaintiffs are simply not qualified to dictate the procedures of Defendant

Ispine.

227.    Defendants neither admit nor deny the allegations contained in this

paragraph because they are without sufficient information with which to

form a belief and therefore leave Plaintiffs to their proofs.


228.    Defendants neither admit nor deny the allegations contained in this

paragraph because they are without sufficient information with which to

form a belief and therefore leave Plaintiffs to their proofs.

229.    Admit that Ispine and Pribil were aware of patient T.Y.'s diabetes and 2019 kidney surgery as such procedures were noted by Dr. Pribil on T.Y's intake sheet on January 15, 2020.

230.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

231.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. In further response, the alleged findings of da

232.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. In further response, given the MRI results, patient's testimony and the physical examination, more than sufficient justification for the surgery existed.

233.    Denied for the reason the statement is untrue. In further response, the IONM is a tool utilized by the surgeon and is used in conjunction with other information such as a physical examination, the patient's own testimony regarding pain and the MRI films.


234.    Admit that Dr. Pribil (a neurosurgeon) did not attempt to treat or diagnose insured T.Y's diabetes or the injury to his wrist. In further

39

response, the patient had existing history of diabetes and patient advised

Dr. Pribil that his spinal pain began after the subject accident.

235.    As to the actions of other providers, Defendants neither admit nor

deny the allegations contained in this paragraph because they are

without sufficient information with which to form a belief and therefore

leave Plaintiffs to their proofs.

236.    Admit that after reviewing the relevant records, including MRI films,

performing a physical examination and speaking with the patient,

Defendant Ispine did perform cervical surgery for Allstate insured P.P.

and subsequently billed Allstate for the services rendered.

237.    Denied that ISpine / Pribil "rushed" P.P. to surgery, admit that

Ispine/Pribil properly utilized IONM during the surgery. By way of

further explanation, ISpine / Pribil strictly adhere to all applicable

guidelines / standard of care.

238.    Denied for the reason the statement is untrue. By way of further

explanation, ISpine / Pribil strictly adhere to all applicable guidelines /

standard of care.

239.    Denied for the reason the statement is untrue. By way of further

explanation, ISpine / Pribil strictly adhere to all applicable guidelines /

standard of care.

240.    The testimony (if it exists) speaks for itself.

241.    Denied for the reason the statement is untrue. In further response, the safety of the patient is of utmost concern to Dr. Pribil and as such in most cases Dr. Pribil does utilize IONM.

242.    The deposition testimony (while incorrect) speaks for itself.

243.    Admit that Dr. Malik discontinued his services for Ispine, PLLC and was replaced by Dr. Jenkins.

244.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

245.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

246.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

247.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

248.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

249.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

250.     The alleged deposition testimony of Dr. Malik speaks for itself.

251.     Per the usual pattern, Plaintiffs' alleged citations are out of context and / or not attached. By way of further explanation, ISpine / Pribil strictly adhere to all applicable guidelines / standards of care.

252.     Denied for the reason the statement is untrue. In further response, the determination of the necessity of the surgery is a combination of a number of factors including but not limited to the patient's testimony, the physical exam of the patient and a review of the relevant MRI films. The IONM is simply another tool used by the surgeon to assist in the procedure.

253.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

254.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

255.     The testimony of Malik speaks for itself.

256.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

257.    Defendants neither admit nor deny the allegations contained in this

paragraph because they are without sufficient information with which to

form a belief and therefore leave Plaintiffs to their proofs.

- K.M's operative report speaks for itself.

- K.H's operative report speaks for itself.

258.    Denied for the reasons the statement is untrue. In further response,

the necessity of the surgery is determined by a number of factors (patient

testimony, physical examination, MRI films), the IONM is simply another

tool utilized by the surgeon but in no way is the sole justification for the

surgery.

259.    Per the usual pattern, Plaintiffs' alleged citations are out of context

and / or not attached. By way of further explanation, ISpine / Pribil

strictly adhere to all applicable guidelines / standards of care.

260.    Defendants neither admit nor deny the allegations contained in this

paragraph because they are without sufficient information with which to

form a belief and therefore leave Plaintiffs to their proofs.

261.    Denied as to Defendants.   As to the actions of other providers',

Defendants neither admit nor deny the allegations contained in this

paragraph because they are without sufficient information with which to

form a belief and therefore leave Plaintiffs to their proofs. By way of

further explanation, ISpine / Pribil strictly adhere to all applicable

guidelines / standards of care.

2. **Specific Examples of Unnecessary Surgeries**

262.    Denied that Defendants ever performed any unnecessary surgeries. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. By way of further explanation, ISpine / Pribil strictly adhere to all applicable guidelines / standards of care.  By way of specific rebuttal, Defendants aver the following:

- Curiously Plaintiffs use patient J.M. as a specific example of "unnecessary surgery". **It should be noted that this exact surgery was resolved via the prior RICO action Plaintiffs filed against Dr. Pribil and Ispine in 2018 and was resolved in March of 2019.**

- Admit that Dr. Pribil performed Lumbar surgery for the benefit of Allstate insured K.M. Admit that IONM was utilized during the surgery however denied as to the allegation that such was the sole basis for the need of the surgery. Again the necessity of surgery is informed by a number of factors including but not limited to the patient's own testimony, the physical examination and a review of the relevant MRI films.

- Plaintiffs use patient P.S. as a specific example of "unnecessary surgery". **Yet again, it should be noted that this exact surgery was resolved via the prior RICO action Plaintiffs filed against Dr. Pribil and Ispine in 2018 and was resolved in March of 2019.**

44

- With regards to patient B.S. it should be noted that Ispine and Allstate have been engaged in ongoing litigation with regards to this exact matter in this very court. Said case is pending as case number 2:19-cv-11458-GAD-APP. In fact this matter is on the verge of trial.

- **Thus 2 of the 4 "examples of unnecessary surgery" have been resolved via the prior RICO action and the B.S. matter is scheduled to go to trial shortly and a jury will determine the issues of reasonableness and necessity. Leaving Plaintiffs with one alleged example of unnecessary surgery with which to premise their RICO case upon.**

B. **MEDICALLY UNECESSARY SERVICESD BILLED BY NORTHWEST NEUROLOGY**

263.    Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

264.    Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

265.    Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

266.    Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

267.    Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

268.    Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

269.    Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

270.    Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

271.    Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained

in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

272.   Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

273.   Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

274.   Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

275.   Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

276.   Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

277.    Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

278.    Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

279.    Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

280.    Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

281.    Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

282.    Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained

in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

283.   Not Applicable to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

**C.   MEDICALLY UNNECESSARY DME**

284.   Denied as to Defendants.  Moreover, as to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

285.   Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

286.   Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

287.   Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny

the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

288.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

289.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

290.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

291.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

292.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

293.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

294.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

295.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

296.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without

sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

297.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

298.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

299.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

300.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

301.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

302.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

303.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

304.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

305.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers', Defendants neither admit nor deny the allegations contained in this paragraph because they are without

sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

306.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

307.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

308.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

309.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

310.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

311.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

312.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

313.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

314.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without

sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

315.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

316.    Denied that Defendants ordered or prescribed any unnecessary DME. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

-   **As to patient J.M, again <u>it should be noted that this exact surgery was resolved via the prior RICO action Plaintiffs filed against Dr. Pribil and Ispine in 2018 and was resolved in March of 2019.</u>**

## IX.   FRAUDULENT BILLING

317.    Admitted in that Defendants use proper billing procedures. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

318.    Denied as to Defendants. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this

paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

319.    Admit that Defendants may utilize and HICF forms. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

320.    As to said forms and / or the boilerplate on the same, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

321.    Denied as to Defendants. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

## A.  **FRAUDULENT UNBUNDLING**

322.    Michigan law / the No-Fault Act requires that bills be "reasonable and customary.  Upon information and belief, the NCCI is not in any way mandatory in Michigan. Again, Defendants reiterate that they do not engage in any fraud whatsoever – via billing or otherwise.

323.    As to the NCCI's objectives or purposes, Defendants neither admit nor deny the allegations contained in this paragraph because they are

without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

1.  **Unbundled Surgery Charges**

324.    Denied as to the allegation that Defendants "fraudulently" unbundled charges. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

325.    Denied as to Defendants. In further response, again the bundling of charges refers to AMA suggested billing and generally apply to medical providers who have signed contracts with health insurance providers. Such is not the case with Ispine, PLLC as they have not agreed to set charges with Plaintiffs and instead bills the reasonable and customary rate for the procedures. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

326.    Denied as to Defendants. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

327.    Per the usual pattern, Plaintiffs' alleged citations are out of context and / or not attached. By way of further explanation, ISpine / Pribil strictly adhere to all applicable guidelines / standards of care.

328.    Denied for the reason the statement is untrue.

329.    Denied for the reason the statement is untrue. The billings for Ispine are with regards to Dr. Pribil' s use of the microscope not the actual cost of the microscope itself. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

330.    As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

331.    As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

332.    As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

333.    As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

334.    As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

335.    Denied as to Defendants. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

### 2.  **Unbundled DME Charges**

336.    Denied as to Defendants. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

337.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

338.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

339.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

**B.  <u>FAULDULENT USE OF CPT CODE MODIFIERS</u>**

340.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

341.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

342.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

343.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

344.     Denied as untrue. In further response, again Defendant Ispine has no agreements with Plaintiff with regards to billings and instead adheres to the Michigan No Fault law which requires they bill reasonable and customary rates, which they do.

345.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

346.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

347.    Denied as to Defendants. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

C.   **OTHER FRAUDULENT BILLING PRACTICES**

348.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

349.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

350.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

351.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

352.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

353.    Denied for the reason the statement is untrue.

354.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

355.    Denied for the reason the statement is untrue.

356.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

357.    As to other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

358.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

359.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

360.    Denied as to Defendants. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

## X.   **EXCESSIVE AND UNREASONABLE CHARGES**

361.    Denied as to Defendants. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

### A. **EXCESSIVE AND UNREASONABLE CHARGES FOR PROCEDURES**

362.    Denied as to Defendants. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

363.    Denied as to Defendants. As to the actions of other providers, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

364.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. In further response, if Defendant Ispine were required to take out loans in order to maintain their business such loan would have to be paid back by Ispine. Thus the idea that Ispine is somehow made whole by taking out a loan and having to repay the loan plus interest is baffling.

365.    Denied as untrue that Defendant Barber received any "kickbacks".

366.    Denied for the reason the statement is untrue. In further response, if Defendant Ispine was forced to take out loans to stay in business (necessitated in part by Allstate's refusal to pay the bills incurred by their insureds), it does not follow that they would somehow be in a better position than had they just pursued the balances without taking out a loan. Allstate seems to be overlooking the fact that loans must be repaid with interest.

367.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

368.    Denied for the reason the statement is untrue. Dr. Pribil in part set up Ispine to serve a severely underserved population, i.e. auto accident victims. There are a number of neurosurgeons who simply refuse to see auto accident victims as they do not want to wait years to be paid, have to battle in court and ultimately may be at the receiving end of one of Allstate's many notorious RICO actions.

369.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. In further response, Dr. Pribil on numerous occasions has explicitly testified as to exactly how he determined his rates and what goes into that determination.

370.     Denied for the reason the statement is untrue. In further response, the
surgeries performed are reasonable and necessary. Beyond this, Dr. Pribil
is in Michigan 4 days a week and generally returns to Florida on the
weekends. Thus if an emergency did occur Friday through Sunday he
would not be present but if it happened during the week he would.

371.     Defendants neither admit nor deny the allegations contained in this
paragraph because they are without sufficient information with which to
form a belief and therefore leave Plaintiffs to their proofs.  However,
Pribil states that, while he tries to make himself available to patients, he
cannot state that a patient who needed "urgent care" was never properly
treated at an ER.

372.     Defendants neither admit nor deny the allegations contained in this
paragraph because they are without sufficient information with which to
form a belief and therefore leave Plaintiffs to their proofs.  However, upon
information and belief it is reasonable for a patient to go to the hospital if
they are having complications and that the attending surgeon is not
always available.

373.     Denied as untrue as to Defendant Ispine. As to the actions of other
providers', Defendants neither admit nor deny the allegations contained
in this paragraph because they are without sufficient information with
which to form a belief and therefore leave Plaintiffs to their proofs. In
further response, Plaintiffs do not provide insurance for these individuals
for free and upon information and belief they charge these Michigan

insures some of the highest rates in the country, thus given their extreme billings they should expect that when their insureds are injured they may have to pay the medical bills incurred.

374.    Admit that the following is an accurate representation of the Ispine billing for patient H.M. In further response, it should be noted that Ispine was forced to sue Allstate with regards to this bill instead of taking the matter to trial the Allstate chose to resolve the matter with Ispine, now without ever setting aside that settlement agreement or dismissal they seek to use the agreed upon settlement as damages in this matter.

375.    Admit that Ispine billed Allstate $98,920.00 for medical services rendered to Allstate insured K.M. Denied as to the allegation that the charges were unreasonable.

376.    Denied as to Defendants. As to the actions of other providers', Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

377.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

378.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

379.    Denied as untrue as to Defendant Ispine. As to the actions of other

providers, Defendants neither admit nor deny the allegations contained

in this paragraph because they are without sufficient information with

which to form a belief and therefore leave Plaintiffs to their proofs. In

further response, plaintiffs'' theory that Defendant Ispine's charges were

inflated in order to maximize amounts received from "purchasers" of

accounts receivables' overlooks the glaring fact that any loan taken from

a funding company has to be paid back with interest.

380.    Defendants neither admit nor deny the allegations contained in this

paragraph because they are without sufficient information with which to

form a belief and therefore leave Plaintiffs to their proofs. In further

response, a nationwide study is of little consequence to Michigan No Fault

cases. It is worth noting that the "survey" relied upon by Plaintiffs

included billings from 2006-2013, thus the survey numbers are 7-14

years out of date.

381.    Defendants neither admit nor deny the allegations contained in this

paragraph because they are without sufficient information with which to

form a belief and therefore leave Plaintiffs to their proofs. In further

response, a nationwide study is of little consequence to these Michigan

No Fault cases.

382.    Admit that Defendant Pribil owns Atlantic Coast Brain and Spine

Institute, LLC in Florida.

383.    Denied for the reason the statement is untrue. In further response, Atlantic Coast Brain and Spine, LLC bills the reasonable customary rates for the State of Florida and Ispine, PLLC bills the reasonable and customary rates for the State of Michigan.

384.    Admit that Atlantic Coast Brain and Spine, LLC bills the reasonable customary rates for the State of Florida and Ispine, PLLC bills the reasonable and customary rates for the State of Michigan.

385.    Defendants deny unreasonable billing. In further response, Atlantic Coast Brain and Spine, LLC bills the reasonable customary rates for the State of Florida and Ispine, PLLC bills the reasonable and customary rates for the State of Michigan.

386.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. In further response, the costs billed by Ispine, PLLC are reasonable and customary and the billing is Dr. Pribil's professional fee not for the actual cost of the microscope.

387.    Defendants deny unreasonable billing. In further response, Atlantic Coast Brain and Spine, LLC bills the reasonable customary rates for the State of Florida and Ispine, PLLC bills the reasonable and customary rates for the State of Michigan.

B. **EXCESSIVE AND UNREASONABLE CHARGES FOR DME**

388.     As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

389.     As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

390.     As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

391.     As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

392.     As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

393.     As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without

sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

394. As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

395. As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

396. As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

397. As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

398. Denied as to Defendants. As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

## XI.   MISREPRESENTATIONS MADE BY THE DEFENDANTS AND RELIED UPON BY ALLSTATE

### A.   MISREPRESENTATIONS BY THE DEFENDANTS

399.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

400.   Admitted. In further response, **[W]hether PIP expenses are reasonable and necessary is generally considered a question of fact for the jury**. *Nasser v. Auto Club Ins. Ass'n,* 435 Mich. 33, 55, 457 N.W.2d 637 (1990). *Rose v. State Farm Mut. Auto. Ins. Co.,* 274 Mich. App. 291, 296, 732 N.W.2d 160, 163 (2006) Regardless the "reasonableness" of a charge is question of fact *Douglas v. Allstate Ins. Co.,* 492 Mich. 241, 277, 821 N.W.2d 472, 493 (2012)  *Bronson Methodist Hosp. v. Auto-Owners Ins. Co.* (2012) 814 N.W.2d 670, 295 Mich.App. 431, appeal denied 821 N.W.2d 784, 493 Mich. 880. Again, Plaintiffs are attempting to submit their own judgment as to what constitutes a reasonable and customary charge for that of the jury. The purpose of the instant action is to usurp the function and role of the jury and determine on their own that these procedures were not reasonable and necessary. Such is a grave miscarriage of justice and it a blatant abuse of the judicial system.

401.   Admitted.

402.   Admitted as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

403.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

a.   Not Applicable.

b.   Denied as to Defendants. In further response, Ispine, PLLC never billed Allstate for any DME.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

c.   Not Applicable.

d.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

e.   Not Applicable.

f.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

g.   Not Applicable.

h. Neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

i. Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

j. Not Applicable.

k. Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

404. Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

405. Admitted.

406. Denied as to Defendants. In further response, Plaintiffs filed a prior RICO action against Defendant Pribil and Ispine, PLLC less than 2 years

ago and made nearly identical accusations. For Plaintiffs to state they were not and could not have been aware of their alleged fraud allegations is disingenuous at best. As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

407.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

408.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

409.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

410.    As to boilerplate on insurance forms, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

411.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

412.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

**B. ALLSTATE'S JUSTIFIABLE RELIANCE**

413.   Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

414.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

415.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

416.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.  Moreover, Allstate has a pattern of filing RICO cases against providers'. In fact, Plaintiffs filed a prior RICO action against Defendant Pribil and Ispine, PLLC less than 2 years ago and made nearly identical accusations. <u>As stated above, Allstate has already settled some of the alleged fraudulent claims pursuant to other wrongful RICO claims against Defendants and has included those cases as evidence of alleged fraud in this matter.</u>

417.    Denied as to Defendants.  In further response, again Plaintiffs filed a nearly identical RICO action with the same or similar allegations against Defendant Pribil and Ispine, PLLC just 2 years ago. As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

418.    Admit that Allstate settled ongoing litigation with Defendant Ispine, PLLC and now without ever attempting to set aside that settlement agreement or dismissal seeks repayment of the settlement.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

419.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

420.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

XII.    **MAIL AND WIRE FRUAD RACKETEERING ACTIVITY**

421.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

422.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

423.    Admit that Defendant Ispine, PLLC properly billed Plaintiffs for reasonable and necessary services rendered to their insureds. As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

424.    Denied as to Defendants. As to any other providers', Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

425.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

426.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

427.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

428.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

429.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

430.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

431.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

432.   Admit that Plaintiffs have attached a chart as Exhibit 11, Denied as to the allegation that it depicts mail or wire fraud.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

433.   Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

434.   Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

435.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

436.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

437.   Admit that Defendant Ispine, PLLC and Defendant Pribil continue to provide care to insureds of Plaintiffs. In further response, Defendant

Ispine, PLLC continues to litigate matters with Plaintiffs and in fact some of those cases are included in the instant actions of Plaintiffs' examples of alleged fraud.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

438.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

439.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

440.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

441.   Denied as to Defendants.  In fact, Allstate unreasonably denied various claims by ISpine. As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

442.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

## XIII.   **DAMAGES**

443.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. In further response, as Plaintiffs have put their financial well-being at issue, Plaintiffs have recently slashed 8% of their workforce and have come to the realization that their outdated captive agent model simply cannot compete in today's competitive insurance world. In an effort to save money they have filed multiple RICO actions against countless medical providers' in an effort to eliminate their debts and save the company.

444.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. In further response, the bulk of the damages alleged with regards to Defendant Ispine, PLLC stem from a settlement of a litigated matter between the parties. Plaintiff has not sought to set aside that settlement or the resulting dismissal.

445.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

446.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

447.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

448.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

449.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

450.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

451.    Denied as to Defendants. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

452.   Denied as to Defendants. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

453.   Denied as to Defendants. Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

### XIV.  **CAUSES OF ACTION**

### **COUNT I**
### **VIOLATION OF 18 USC 1962(c)**
### **(ISpine)**

454.   Defendants incorporate by reference Paragraphs 1 through 453 as though fully set forth herein.

455.   Denied for the reason the statement is untrue

456.   Denied for the reason the statement is untrue. In further response, Defendant Pribil is the sole owner and has no interest in any of Defendant business.

457.   Denied.

458.   Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

459.   Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

460.   Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

461.   Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

462.   Admitted that Pribil owned ISpine.  Denied that Barber has or had any ownership interest in ISpine, and Defendants reiterate that Barber's proper title was "practice manager".

463.   Denied as there were no unnecessary procedures.  As to the ownership of Fountain View, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

464.   Denied as to Defendants.  As to other providers' billings, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

465.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

85

466.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

467.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. In further response, it should be noted that Plaintiffs filed a prior RICO action with the same or similar allegations against Defendant Pribil and Defendant Ispine two years ago.

468.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

469.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

470.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

471.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

472.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

473.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

474.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. In further response, as Plaintiffs' have put their financial well-being at issue, Plaintiffs have recently slashed 8% of their workforce and have come to the realization that their outdated captive agent model simply cannot compete in today's competitive online insurance world. In an effort to save money they have filed multiple RICO actions against countless medical providers in an effort to eliminate their debts and save the company from complete failure.

475.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.

**COUNT II**
**VIOLATION OF 18 USC 1962(d)**
**(ISpine)**

476.    Defendants incorporate by reference Paragraphs 1 through 475 as

though fully set forth herein.

477.    Denied as to Defendants.  As to other providers' actions, Defendants

neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.

478.    Denied as to Defendants.  As to other providers' actions, Defendants

neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs. In further response,

Defendant Pribil is the sole owner of Ispine, PLLC.

479.    Denied as to Defendants.  As to other providers' actions, Defendants

neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.

480.    Denied as to Defendants.  As to other providers' actions, Defendants

neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.

481.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

482.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

483.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

**COUNT III**
**VIOLATION OF 18 USC 1962(c)**
**(Fountain View)**

484.    Defendants incorporate by reference Paragraphs 1 through 483 as though fully set forth herein.

485.    Not Applicable to Defendants.

486.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

487.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

488.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

489.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

490.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

491.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs

492.    Not Applicable to Defendants.

493.    Admit that Defendant Ispine utilized the services of the surgery center, denied as to any allegation of unnecessary of unlawful activities by Defendants Pribil, Ispine and Barber.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

494.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

495.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs. In further response, Plaintiffs filed a prior RICO action against Defendant Pribil and Ispine approximately two years ago and alleged the same or similar facts/alleged fraudulent scheme.

496.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

497.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

498.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

499.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

500.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

501.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

502.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

503.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

### COUNT IV
### VIOLATION OF 18 USC 1962(d)
### (Fountain View)

504.    Defendants incorporate by reference Paragraphs 1 through 503 as though fully set forth herein.

505.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

506.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

507.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

508.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

509.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

510.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

511.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

**COUNT V**
**VIOLATION OF 18 USC 1962(c)**
**(Northwest Neurology)**

512.    Defendants incorporate by reference Paragraphs 1 through 511 as though fully set forth herein.

513.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

514.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

515.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

516.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

517.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

518.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

519.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

520.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

521.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

522.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

523.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a
belief and therefore leave Plaintiffs to their proofs.

524.    Denied as to Defendants.  As to other providers' actions, Defendants
neither admit nor deny the allegations contained in this paragraph
because they are without sufficient information with which to form a
belief and therefore leave Plaintiffs to their proofs.

525.    Defendants neither admit nor deny the allegations contained in this
paragraph because they are without sufficient information with which to
form a belief and therefore leave Plaintiffs to their proofs.

526.    Denied as to Defendants.  As to other providers' actions, Defendants
neither admit nor deny the allegations contained in this paragraph
because they are without sufficient information with which to form a
belief and therefore leave Plaintiffs to their proofs.

527.    Defendants neither admit nor deny the allegations contained in this
paragraph because they are without sufficient information with which to
form a belief and therefore leave Plaintiffs to their proofs.

528.    Denied as to Defendants.  As to other providers' actions, Defendants
neither admit nor deny the allegations contained in this paragraph
because they are without sufficient information with which to form a
belief and therefore leave Plaintiffs to their proofs.

529.    Defendants neither admit nor deny the allegations contained in this
paragraph because they are without sufficient information with which to
form a belief and therefore leave Plaintiffs to their proofs.

530.    Defendants neither admit nor deny the allegations contained in this

paragraph because they are without sufficient information with which to

form a belief and therefore leave Plaintiffs to their proofs.

531.    Denied as to Defendants.  As to other providers' actions, Defendants

neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.

**COUNT VI**
**VIOLATION OF 18 USC 1962(d)**
**(Northwest Neurology)**

532.    Defendants incorporate by reference Paragraphs 1 through 531 as

though fully set forth herein.

533.    Denied as to Defendants.  As to other providers' actions, Defendants

neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.

534.    Denied as to Defendants.  As to other providers' actions, Defendants

neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.

535.    Denied as to Defendants.  As to other providers' actions, Defendants

neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.

536.  Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

537.  Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

538.  Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

539.  Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

<u>**COUNT VII**</u>
**VIOLATION OF 18 USC 1962(c)**
**(Performance Orthopedics Enterprise)**

540.  Defendants incorporate by reference Paragraphs 1 through 539 as though fully set forth herein.

541.  Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

542.  Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a
belief and therefore leave Plaintiffs to their proofs.

543.     Denied as to Defendants.  As to other providers' actions, Defendants
neither admit nor deny the allegations contained in this paragraph
because they are without sufficient information with which to form a
belief and therefore leave Plaintiffs to their proofs.

544.     Denied as to Defendants.  As to other providers' actions, Defendants
neither admit nor deny the allegations contained in this paragraph
because they are without sufficient information with which to form a
belief and therefore leave Plaintiffs to their proofs.

545.     Defendants neither admit nor deny the allegations contained in this
paragraph because they are without sufficient information with which to
form a belief and therefore leave Plaintiffs to their proofs.

546.     Defendants neither admit nor deny the allegations contained in this
paragraph because they are without sufficient information with which to
form a belief and therefore leave Plaintiffs to their proofs.

547.     Denied as to Defendants.  As to other providers' actions, Defendants
neither admit nor deny the allegations contained in this paragraph
because they are without sufficient information with which to form a
belief and therefore leave Plaintiffs to their proofs.

548.     Defendants neither admit nor deny the allegations contained in this
paragraph because they are without sufficient information with which to
form a belief and therefore leave Plaintiffs to their proofs.

549.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

550.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

551.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

552.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

553.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

554.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

555.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

556.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

557.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

558.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

559.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

560.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

561.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

## COUNT VIII
## VIOLATION OF 18 USC 1962(d)
### (Performance Orthopedics Enterprise)

562.    Defendants incorporate by reference Paragraphs 1 through 561 as

though fully set forth herein.

563.    Denied as to Defendants.  As to other providers' actions, Defendants

neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.

564.    Denied as to Defendants.  As to other providers' actions, Defendants

neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.

565.    Denied as to Defendants.  As to other providers' actions, Defendants

neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.

566.    Denied as to Defendants.  As to other providers' actions, Defendants

neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.

567.    Denied as to Defendants.  As to other providers' actions, Defendants

neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.

568.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

569.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

**COUNT IX**
**VIOLATION OF 18 USC 1962(c)**
**(BRR Medical Enterprise)**

570.    Defendants incorporate by reference Paragraphs 1 through 569 as though fully set forth herein.

571.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

572.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

573.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

574.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

575.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

576.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

577.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

578.    Denied as to Defendant Barber. Denied as to Defendant Ispine and Defendant Pribil as any DME prescribed was medically necessary.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

579.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

580.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

581.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

582.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

583.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

584.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

585.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

586.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

587.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

588.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

589.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

### COUNT X
### VIOLATION OF 18 USC 1962(d)
### (BRR Medical Enterprise)

590.     Defendants incorporate by reference Paragraphs 1 through 589 as though fully set forth herein.

591.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.  Upon information and belief, Plaintiffs inadvertently alleged violations of 18 USC 1962 (c) rather than 18 USC 1962 (d).

592.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

593.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

594.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

595.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

596.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

597.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

**COUNT XI**
**VIOLATION OF 18 USC 1962(c)**
**(Gulf Coast Enterprise)**

598.     Defendants incorporate by reference Paragraphs 1 through 597 as though fully set forth herein.

599.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

600.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

601.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

602.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

603.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

604.     Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

605.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

606.     Denied as to Defendant Barber. Denied as to Defendant Ispine and Defendant Pribil as any DME prescribed was medically necessary.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

607.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

608.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

609.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

610.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

611.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

612.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

613.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

614.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

615.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

616.   Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

617.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

**COUNT XII**
**VIOLATION OF 18 USC 1962(d)**
**(Gulf Coast Enterprise)**

618.   Defendants incorporate by reference Paragraphs 1 through 617 as though fully set forth herein.

619.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

620.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

621.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

622.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

623.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

624.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

625.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

**COUNT XIII**
**VIOLATION OF 18 USC 1962(c)**
**(CCT Medical Enterprise)**

626.    Defendants incorporate by reference Paragraphs 1 through 625 as though fully set forth herein.

627.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

628.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

629.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

630.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

631.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

632.    Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

633.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

634.    Denied as to Defendant Barber. Denied as to Defendant Ispine and Defendant Pribil as any DME prescribed was medically necessary.  As to

other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

635.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

636.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

637.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

638.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

639.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a
belief and therefore leave Plaintiffs to their proofs.

640.    Denied as to Defendants.  As to other providers' actions, Defendants
neither admit nor deny the allegations contained in this paragraph
because they are without sufficient information with which to form a
belief and therefore leave Plaintiffs to their proofs.

641.    Defendants neither admit nor deny the allegations contained in this
paragraph because they are without sufficient information with which to
form a belief and therefore leave Plaintiffs to their proofs.

642.    Denied as to Defendants.  As to other providers' actions, Defendants
neither admit nor deny the allegations contained in this paragraph
because they are without sufficient information with which to form a
belief and therefore leave Plaintiffs to their proofs.

643.    Defendants neither admit nor deny the allegations contained in this
paragraph because they are without sufficient information with which to
form a belief and therefore leave Plaintiffs to their proofs.

644.    Denied as to Defendants.  As to other providers' actions, Defendants
neither admit nor deny the allegations contained in this paragraph
because they are without sufficient information with which to form a
belief and therefore leave Plaintiffs to their proofs.

645.    Denied as to Defendants.  As to other providers' actions, Defendants
neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

**COUNT XIV**
**VIOLATION OF 18 USC 1962(d)**
**(CCT Medical Enterprise)**

646.    Defendants incorporate by reference Paragraphs 1 through 645 as though fully set forth herein.

647.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

648.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

649.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

650.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

651.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

652.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

653.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

**COUNT XV**
**COMMON LAW FRAUD**
**Against All Defendants**

654.     Defendants incorporate by reference Paragraphs 1 through 654 as though fully set forth herein.

655.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

656.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

657.     Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

658.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

659.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

660.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

661.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

**COUNT XVI**
**CIVIL CONSPIRACY**
**Against All Defendants**

662.    Defendants incorporate by reference Paragraphs 1 through 661 as though fully set forth herein.

663.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

664.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

665.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

666.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

667.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

668.    Denied as to Defendants as Defendants only benefitted from proper, legal payments.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

669.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

670.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

**COUNT XVII**
**PAYMENT UNDER MISTAKE OF FACT**
**Against All Defendants**

671.    Defendants incorporate by reference Paragraphs 1 through 670 as though fully set forth herein.

672.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.  By way of further explanation, Allstate made no actual payments to Defendants Pribil and Barber.  Moreover, and as stated herein throughout, the bulk of actual payments made by Plaintiffs to Defendant ISpine resulted from a mutual settlement agreed upon by the parties after the matter was fully litigated (short of trial).  Allstate and Ispine were both represented by competent counsel and the parties voluntarily resolved the matter. Now, months later, without ever attempting to set aside the settlement or move to set aside the dismissal of the action, Allstate seeks to use that settlement as

damages in this matter. Thus a majority of the alleged damages against Defendant Ispine are in fact barred by settlement agreements and or claim preclusion.  In short, there was no mistake of fact as to payments to ISpine as Plaintiffs actually litigated and resolved the matter with Ispine. Further, Allstate was well aware of the alleged actions of Pribil and Ispine and they made the same or similar accusations against them in a RICO suit less than two years ago. Plaintiffs cannot be allowed to settle cases – some pursuant to prior frivolous RICO litigation with largely the same baseless accusations – and then attempt to re-litigate the same.

673.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs (See also Paragraph 672 *supra*).

674.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs (See also Paragraph 672 *supra*).

675.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs (See also Paragraph 672 *supra*).

## COUNT XVIII
### UNJUST ENRICHMENT
### Against All Defendants

676.   Defendants incorporate by reference Paragraphs 1 through 675 as though fully set forth herein.

677.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.  By way of further explanation, Allstate made payments after litigation and / or pursuant to settlement agreements.  This cannot be considered "unjust".

678.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

679.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

680.   Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

681.    Denied as to Defendants.  As to other providers' actions, Defendants

neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.

**COUNT XIX**
**DECLARATORY RELIEF PURSUANT TO 28 USC 2201**
**Against All Defendants**

682.    Defendants incorporate by reference Paragraphs 1 through 681 as

though fully set forth herein.

683.    Denied as to Defendants.  As to other providers' actions, Defendants

neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.

684.    Denied as to Defendants.  As to other providers' actions, Defendants

neither admit nor deny the allegations contained in this paragraph

because they are without sufficient information with which to form a

belief and therefore leave Plaintiffs to their proofs.

685.    Admitted.

686.    Admitted. In further response, the reasonableness and necessity are

defenses to Plaintiffs' obligations to pay the provider and ultimately left

to the jury to determine. In the instant case, Plaintiffs are attempting to

use their far greater resources to remove the question from the jury. This

is especially evident in the case of B.S. relied upon by Plaintiffs to

illustrate the alleged fraud, as the B.S. matter is on the cusp of trial. In an

effort to stop the jury from hearing this matter and determining the

reasonableness and necessity of the surgery, Plaintiffs have instead filed the instant action to attempt to circumvent the jury and insert their opinion for that of the jury. Such constitutes a blatant abuse of the judicial system and is the pattern of practice for Allstate in this district.

687. Admitted in part in that treatment must be lawfully rendered. As to the definitions / requirements of "lawfully rendered", Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

688. Admitted.

689. Denied as to Defendants. As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

690. Denied as to Defendants. As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs.

691. Defendants aver that Plaintiffs fail to establish an actual case or controversy necessary for declaratory jurisdiction pursuant to 28 U.S.C. § 2201. (See also *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) (citing *Kardules v. City of Columbus*, 95 F.3d 1335, 1343–44 (6th Cir. 1996)). *Compound Prop. Mgmt., LLC v. Build*

*Realty, Inc.,* No. 1:19-CV-133, 2020 WL 2734763, at *18 (S.D. Ohio May 26, 2020).

692.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs (See also Paragraph 691 *supra*).

693.    Denied as to Defendants.  As to other providers' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs (See also Paragraph 691 *supra*).

694.    Denied as to Defendants.  As to other providers'' actions, Defendants neither admit nor deny the allegations contained in this paragraph because they are without sufficient information with which to form a belief and therefore leave Plaintiffs to their proofs (See also Paragraph 691 *supra*).

## XV.    **DEMAND FOR RELIEF**

WHERFORE, Defendants Ispine, PLLC, Pribil and Barber deny Plaintiffs' claim for Judgment in any amount whatsoever and prays for Judgment in their favor of No Cause of Action on all Counts brought against them together with costs and attorney fees so wrongfully incurred.

Respectfully submitted,

**GROVE AND ASSOCIATES, PC**


BY:*/s/ Justin G. Grove*
Justin G. Grove (P71253)
Attorney for Plaintiff
36700 Woodward Ave., Ste. 107
Bloomfield Hills, MI 48304
(248) 554-3464