UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ALLSTATE INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY6; ALLSTATE
PROPERTY AND CASUALTY
INSURANCE COMPANY; and
ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY

      Plaintiffs,

v.

ISPINE, PLLC; SURGICAL CENTER
OF SOUTHFIELD, LLC; NORTHWEST
NEUROLOGY, P.C.; PERFORMANCE
ORTHOPEDICS OF MICHIGAN PLLC;
BRR MEDICAL SUPPLY, INC.; GULF
COAST MEDICAL SERVICES, LLC;
CCT MEDICAL SUPPLIES, INC;
STEFAN PRIBIL, M.D.; WESLEY
BLAKE BARBER; TESSY JENKINS,
M.D.; and ROBERT SWIFT, D.O.,

      Defendanst.

Case No. 2:20-cv-12008-LVP-EAS

## **AFFIRMATIVE DEFENSES**

NOW COMES ISPINE, PLLC, Dr. Stefan Pribil and Wesley Blake Barber by and through their Attorneys, Grove & Associates, P.C. and for their Affirmative Defenses states as follows:

1. Claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

3. Plaintiffs' claims are barred, in whole or in part, based upon the applicable statutes of limitations, laches, and/or statute of repose.

4. Plaintiffs' claims are barred, in whole or in part, by its own prior breaches of contract, failure to timely exercise due care, violations of statutory obligations, violations of its duty of good faith and fair dealing, interferences and by their unclean hands and inequitable conduct.

5. Plaintiffs' claims may be barred by virtue of its election of remedies.

6. Plaintiffs' lack standing to assert some or all of the allegations made against Defendants illegality and/or the unlawful providing of services (*Allstate Ins. Co v Global Medical Billing, Inc., et al, Case No. 09-14975 (E.D. Mich.*).

7. Plaintiffs' cause of action is barred by the doctrines of res judicata and/or collateral estoppel.

8. Plaintiffs' Complaint is subject to dismissal, in whole or in part, pursuant to MCL 500.3175 including, but not limited to, the fact that the statute of limitations has expired and Plaintiff's lack standing to assert any claim for the recovery of benefits paid for the benefit of an individual assigned to Allstate for coverage and for which Allstate has received reimbursement from the Assigned Claims Facility.

9. Plaintiffs have failed to mitigate their damages.

10. That, assuming any of Plaintiffs' allegations are true, Plaintiffs have failed to mitigate their damages by unreasonably continuing to issue payments when Plaintiffs reasonably knew or should have known that such payments were not warranted, pursuant to the holding of *Cooper v ACIA, 481 Mich.399 (2008)*.

11. Plaintiffs' claims are barred pursuant to MCL 500.3112.

12. Plaintiffs' claims may be barred, in whole or in part, based upon the doctrine of unclean hands, promissory estoppel, laches, equitable estoppel, comparative negligence, immunity, assumption of the risk, compromise and settlement, release, election of remedies, failure to join claims or defenses in other litigation, failure to mitigate its damages, the fact that Plaintiffs are not the real party in interest, and waiver.

13. Plaintiffs' claims for "fraud" are barred in the manner and form alleged, in whole or in part, for the reason that Plaintiff is incapable of proving the necessary element of "reasonable reliance under the standards established in *Cooper v. Auto Club Insurance Assoc.*, 481 Mich. 399 (2008) and Johnson v. Wausau Ins Co., 283 Mich. App. 636 (2009).

14. Plaintiffs' claims against Defendants are improperly joined with other Defendants.

15. Plaintiffs' Complaint is subject to dismissal, in whole or in part, based upon prior Judgment, release, settlement, arbitration or other resolution of claims between Plaintiffs and individual claimants for which Plaintiffs are now seeking reimbursement.

16. Plaintiffs' Complaint is subject to dismissal, in whole or in part, for the reason that Plaintiffs lack standing to bring a claim for insurance fraud pursuant to the clear and ambiguous language of MCL 500.4501, et seq.

17. Plaintiffs' Complaint is subject to dismissal, in whole or in part, by the Economic Loss Rule/Doctrine.

18. To the extent Plaintiffs' Complaint attempts to allege a breach of contract or promise, Plaintiffs' Clams are barred by the statute of frauds. Defendants also invoke the Michigan statute of frauds, MCL 566.132, Section 2(g), as barring any and all claims with respect to breach of express and/or implied contract or warranty of care.

19. The Complaint is insufficient as it fails to plead fraud with particularity as required by Fed.R.Civ.P.9(b).

20. Plaintiffs lack standing to assert claims based on alleged insurance fraud as such claims are within the province of the Michigan Insurance Commissioner. MCL 450.5201 et seq.

21. Plaintiffs' claims for violation of 18 USC §1962 (c), violation of 18 USC § 1962 (d), and Declaratory Judgment under 28 USC § 2201, fail as a matter of law because each seeks to construe Acts of Congress to invalidate, impair, and/or supersede the provisions of Michigan's No-Fault Act, MCL 500.3101 et seq., in violation of the reverse preemption provisions of the McCarran-Ferguson Act, 15 USC § 1012(b) ("No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of Insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance").

22. Plaintiffs' claim for Declaratory Judgment fails as a matter of law because it seeks to construe Acts of Congress to invalidate, impair, and/or supersede the provisions of Michigan's No-Fault Act, MCL 500.3101 et seq., in violation of the reverse preemption provisions of the McCarran -Ferguson Act, 15 USC § 1012(b)

        ("No Act of Congress shall be construed to invalidate3, impair, or supersede any law enacted by any State for the purpose of regulating the business of Insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance").

23. The Complaint fails to assert sufficient plausible allegations to adequately allege that Defendants proximately caused Plaintiffs to incur damages compensable under 18 U.S.C. § 1964. See *Holmes v. Sec. Investor Prot. Corp.,* 503 U.S. 258 (1992).

24. The proofs may show that the actions and/or negligence of others and not Defendants was an intervening and superseding cause of the claim allegedly suffered by the Plaintiffs herein, so as to defeat any and all claims against Defendants.

25. Plaintiffs had and have a legal duty to investigate claims for benefits and to only pay those benefits which they determine are properly payable under the Michigan No-Fault Act.

26. To the extent that Plaintiffs voluntarily paid any of the claims that are the subject of this action, Plaintiffs have waived any causes of action predicated upon those claims.

27. Plaintiffs' claims are barred by virtue of their election of remedies.

28. The proofs may show that all of the injuries and damages claimed by Plaintiffs were solely and proximately caused by the negligence and misconduct of others, and not Defendants.

29. Plaintiffs' claims for damages against Defendants, without admission of any claim or waiver of any defense, hereby gives notice that the acts, and/or omissions of non-parties, may be a cause, contributing cause, or sole cause of damages claimed by Plaintiff.

30. Defendants without admission of any clam or waiver of any defense, hereby give notice that the acts, and/or omissions of non-parties, may be a cause, contributing cause, or sole cause of damages claimed by Plaintiff.

31. Defendants without admission of any claim or waiver of any defense, hereby gives notice that should Plaintiffs resolve this claim as to any Co-Defendant. Defendants asserts that such Co-Defendants are potential non-named responsible parties whose act, omission, or breach of duty is a cause, contributing cause, or sole cause of damages claimed by Plaintiffs. The addresses of Co-Defendants are known to Plaintiff. Please refer to Plaintiffs' Complaint for the factual basis of the alleged claims.

32. Charts attached to Plaintiffs' Complaint were created solely by counsel for Plaintiff and are false and inadmissible.

33. Plaintiffs are improperly attempting to use this litigation and similar litigation to prevent or restrict medical providers from asserting claims which are permitted under the Michigan No-Fault Act and are thereby improperly obtaining by judicial order that which Plaintiffs have been unable to obtain through the Michigan Legislature by way of amendments to the Michigan No-Fault Act.

34. This Court should not entertain Plaintiffs' request for a declaratory judgment:

a. Principles of comity and federalism preclude this Court from entering a declaratory judgment that would interfere or contradict previously decided and/or filed, or settled, state/federal court proceedings that are predicated upon the same no-fault claims at issue here, and in which Allstate could have sought the very declaratory relief it seeks in this case; instead of seeking such relief, Allstate did the exact opposite; as part of numerous settlement agreements Allstate agreed to pay providers for the services that it now claims were patently fraudulent; in addition, to this day, Allstate continues to litigate/settle claims that are at issue in this case; yet in not one of those state court actions has Allstate alleged that there was anything improper about the services performed, this is because Allstate lacks any actual evidence that Defendants engaged in any unlawful activity and because the state courts (who hear hundreds, if not thousands of PIP claims each year) are all too familiar with Allstate tactics for Allstate to succeed on a baseless claim for declaratory relief;

b. Michigan law with regards to no-fault claims is clear and Michigan state courts provide the appropriate forums to hear any of the no-fault claims on which the Plaintiffs' request for declaratory judgment is based; and

c. Plaintiffs have asserted the declaratory judgment counts to engage in procedural fencing and forum shopping to obtain a determination in federal court rather than the Michigan state courts: in other words, they have "tacked on" their outstanding debt to a RICO clam that is tangentially related to services provided by Defendant Ispine, whereas, in Michigan state court

7

        Allstate has been doing for years-some of which "paid" claims Allstate is trying to resurrect and pursue a second time in the present litigation.

    d. Plaintiffs' request for a declaratory judgment against Defendants are not legitimate; Allstate is improperly using the federal court and the RICO act to attempt to bypass the proper trier of fact for each of these underlying cases, that being a jury. Allstate is not the ultimate arbiter of what constitutes a reasonable and necessary surgery, rather that is a role fulfilled by the Jury. Allstate is attempting to avoid a jury determination on these issues and instead insert their own obviously biased opinions.

35. Plaintiffs have not properly pled entitlement to exemplary damages.

36. Plaintiffs' claims that are predicated upon payments which were not made to or received by Defendants are moot.

37. Defendants incorporates all affirmative defenses filed by other Defendants in this action.

38. Defendants hereby reserve the right to alter, amend or supplement these Affirmative Defenses, and to bring any counterclaims, cross claims and/or third party claims, during or upon the completion of discovery, said reservations being necessary because the allegations in the Complaint do not offer sufficient specifics to notify Defendants of the nature of the claims being made against them.

                                      **GROVE & ASSOCIATES, P.C.**

                                By:  */s/ Justin G. Grove*
                               Justin G. Grove (P71253)
                               Attorney for Plaintiff
                               36700 Woodward Avenue, Ste. 107
                               Bloomfield Hills, MI  48304
                               (248) 554-3464

September 28, 2020