UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ALLSTATE INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY; ALLSTATE
PROPERTY AND CASUALTY INSURANCE
COMPANY; ESURANCE INSURANCE
COMPANY; and ESURANCE PROPERTY
AND CASUALTY INSURANCE COMPANY,

C.A. No.20-cv-12008-TGB-EAS

      Plaintiffs,

-v-

SURGICAL CENTER OF SOUTHFIELD,
LLC; NORTHWEST NEUROLOGY, P.C.;
PERFORMANCE ORTHOPEDICS OF
MICHIGAN PLLC; TESSY JENKINS, M.D.;
and ROBERT SWIFT

      Defendants.

## NON-PARTY SPINE SPECIALISTS OF MICHIGAN, P.C.'S RESPONSE TO PLAINTIFF'S SUBPOENA

NOW COMES Non-Party SPINE SPECIALISTS OF MICHIGAN, P.C., by and through its attorneys, PADILLA LAW GROUP, and hereby provides the following objection and response to the Subpoena directed to Non-Party SPINE SPECIALISTS OF MICHIGAN, P.C., in the above captioned matter. In support of its Response and Objection, Non-Party SPINE SPECIALISTS OF MICHIGAN, P.C., states as follows:

    1.    SPINE SPECIALISTS OF MICHIGAN, P.C. ("Non-party SSOM"), is NOT a party to this action and is therefore entitled to certain protections pursuant to Fed. R. Civ. P. 45(d)(1), which requires the party or attorney issuing the subpoena

to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Failure to do so may warrant sanctions against the party or attorney issuing the subpoena.

2. On or about April 29, 2021, Allstate, by its attorney Andrew H. DeNinno issued a subpoena directed to Non-party SSOM. ("Subpoena").

## GENERAL OBJECTIONS

3. Allstate's subpoena was submitted for an improper purpose, to harass and intimidate the other parties, as well as to harass, annoy and intimidate Non-party SSOM.

4. Allstate has overstepped its subpoena power by attempting to compel the production of privileged information from a Non-party — at great expense — rather than first seeking the information from the *actual parties* to the case, using conventional methods of discovery. Before Non-party SSOM can be ordered to comply, Allstate should be held to strictly demonstrate that the subpoenaed information is material to their case and that it would be unreasonably difficult to obtain the information from the parties themselves.

5. Non-party SSOM objects to the Subpoena on the grounds that it is unduly burdensome, vague, ambiguous, overbroad, and confusing, and to the extent that they impose obligations on Non-party SSOM other than those imposed or authorized by the Federal Rules of Civil Procedure and/or any applicable order of this Court.

6. Non-party SSOM objects to the Subpoena to the extent that it is overly

broad and seeks information that is neither relevant to nor reasonably calculated to lead to the discovery of information relevant to this litigation.

7. Non-party SSOM objects to the Subpoena to the extent that it seeks information contained in documents or the production of documents that are publicly available, or otherwise in the possession of Allstate, on the ground that the burden of obtaining those documents is substantially the same for Allstate as it is for Non- party SSOM.

8. Non-party SSOM objects to the Subpoena to the extent that it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privilege or exemption or that it seeks confidential patient information without authorization. Inadvertent disclosure of any privileged or otherwise protected information and/or documents shall not constitute a waiver of any claim or privilege, work product protection, exemption, physician/patient confidentiality and/or immunity.

9. The aforementioned General Objections are incorporated into each of the following specific responses, supplemental or otherwise, to Allstate's Subpoena; they shall be deemed continuing as to each request set forth in such Subpoena; and they are not waived, or in any way limited, by the objections and responses more specifically set forth herein. Moreover, where Non-party SSOM answers any portion of the Subpoena herein, and also make a specific objection, such answer does not constitute a waiver of the objection, and such objection and all of the rights relative

thereto are nonetheless preserved despite the answer.

10. Non-party SSOM reserves the right to assert additional objections to this subpoena as appropriate and to supplement these objections and responses.

## RESPONSES AND OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS

Document Request No. 1:

1. Written agreements by and between you and any of the defendants relating to medical services rendered to patients during of the relevant period.

### Response to Document Request No. 1:

Spine is not in possession of any documents described in this request.

Document Request No. 2:

2. Communications between you and any of the defendants, inc1uding all employees, agents, and representatives thereof, relating to medical services during the relevant period.

### Response to Document Request No. 2:

Spine is not in possession of any documents described in this request.

Document Request No. 3:

3. Communications between you and any individual or entity relating to medical services or medical billing practices of any defendant during the relevant period.

### Response to Document Request No. 3:

Spine is not in possession of any documents described in this request.

Document Request No. 4:

4. Communications between you and any individual or entity relating to equipment used by any defendant in relation to the provision of medical services during the relevant period.

**Response to Document Request No. 4:**

Spine is not in possession of any documents described in this request.

*Respectfully submitted,*

PADILLA LAW GROUP

/s/ Daniel V. Padilla
DANIEL V. PADILLA (P48634)
Attorneys for Non-Party SSOM
1821 W. Maple Road
Birmingham, MI 48009
(248) 593-0300

Dated: May 7, 2021

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument along with a Certificate of Service was emailed on May 7, 2021, to all attorneys of record.

/s/ Cheryl Johnston