# EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS     )
                                  )
COUNTY OF NORFOLK                 )

## AFFIDAVIT OF ANDREW H. DENINNO

1.      I am over eighteen (18) years of age and have personal knowledge of the statements contained in this Affidavit.

2.      I am an attorney with Smith & Brink, and I represent the plaintiffs in this matter, Allstate Insurance Company and its affiliates (collectively, "Allstate").

3.      I, and others under my direction and supervision, personally reviewed the entire document production made by defendants Northwest Neurology, P.C. ("Northwest Neurology") and Tessy Jenkins, M.D. ("Jenkins") (collectively, the "defendants") on February 19, 2021, April 6, 2021, and April 26, 2021.

4.      The first set of documents produced by the defendants was sent to my firm by email on February 19, 2021.  Excluding written responses to discovery requests, the production totaled 117 pages.  Sixty-seven (67) of those pages are Explanation of Benefits ("EOB") forms that were originally sent by Allstate to Northwest Neurology.  The production was not Bates labeled.

5.      This February 19, 2021 production of documents was attached, in full, to the defendants' opposition to Allstate's motion to compel, which the defendants filed on February 23, 2021 at ECF No. 63.

6.      The second set of documents produced by the defendants was delivered by email on April 6, 2021.  It also was not Bates labeled.  The second production came in three sets of documents, and included only re-serving the February 19, 2021 production and some tax records and bills submitted by Northwest Neurology to Allstate.

1

7.      The defendants' third production on April 26, 2021 was delivered via USB drives. These documents were also not Bates labeled.

8.      The April 26, 2021 production contained only some patient records.

9.      The following are the patients for whom the defendants still have produced no records, bills, test results, or raw data whatsoever:[1]

|     |                                    |
| --- | ---------------------------------- |
| 1)  | L.A. – Claim No. 391153558         |
| 2)  | J.A. – Claim No. TXA-0165836       |
| 3)  | Z.A. – Claim No. 526853627         |
| 4)  | C.B. – Claim No. TXA-0148890       |
| 5)  | H.B. – Claim No. 514446384         |
| 6)  | M.C. – Claim No. 429088362         |
| 7)  | P.D. – Claim No. TXA-0233653       |
| 8)  | P.D. – Claim No. TXA-0239856       |
| 9)  | M.F. – Claim No. 535804090         |
| 10) | P.H. – Claim No. 513070060         |
| 11) | T.H. – Claim No. TXA-0200592       |
| 12) | C.J. – Claim No. TXA-0222757       |
| 13) | R.L. – Claim No. 366554079         |
| 14) | T.M. – Claim No. 448838532         |
| 15) | J.M. – Claim No. 508800919         |
| 16) | T.R. – Claim No. 521488916         |
| 17) | L.R. – Claim No. TXA-0223567       |
| 18) | T.S. – Claim No. TXA-0235203       |
| 19) | D.Y. – Claim No. 526210471         |
| 20) | D.Y. – Claim No. 544398851         |
| 21) | S.Z. – Claim No. 515137347         |
| 22) | S.Z. – Claim No. 526485370         |

10.     The following are the patients for whom the defendants have produced obviously incomplete records that are missing medical records, bills, or both:

|     |                              |
| --- | ---------------------------- |
| 1)  | N.A. – Claim No. 448838532   |
| 2)  | T.A. – Claim No. 511570665   |
| 3)  | G.A. – Claim No. 471195080   |

---

[1] Here, as in Exhibit 3 to the Complaint, the Allstate insureds are identified only by their initials to protect their privacy.  The defendants used these patients' claim numbers to submit bills to Allstate and therefore should be able to identify their records.  Allstate also provided the defendants with a list of the full names of each patient with its initial disclosures served on November 10, 2020.

4)   F.B. – Claim No. 439712786
5)   J.B. – Claim No. TXA-0215622
6)   C.C. – Claim No. TXA-0152361
7)   C.C. – Claim No. TXA-0233673
8)   M.D. – Claim No. 478626344
9)   A.D. – Claim No. 514681766
10)  J.H. – Claim No. TXA-0138073
11)  T.H. – Claim No. TXA-0245703
12)  A.H. – Claim No. 490104270
13)  V.J. – Claim No. 552936775
14)  F.J. – Claim No. TXA-0194076
15)  B.K – Claim No. 512474131
16)  Z.K. – Claim No. TXA-0228127
17)  S.M. – Claim No. 475520557
18)  T.P. – Claim No. 327585485
19)  P.P – Claim No. TXA-0243918
20)  D.R. – Claim No. 412527301
21)  L.R. – Claim No. 527845499
22)  B.S. – Claim No. TXA-0176222
23)  S.T. – Claim No. 442855573
24)  S.T. – Claim No. 574199179
25)  S.W. – Claim No. TXA-0220172
26)  J.W. – Claim No. 443178306
27)  R.W. – Claim No. TXA-0234352
28)  A.W. – Claim No. 557539855
29)  J.W. – Claim No. TXA-0205887
30)  T.Y. – Claim No. 557411600

11.     In total, as of today, either no records have been produced or significantly deficient records have been produced for 81% of the patients at issue (52 of the 64 patients identified by Exhibit 3 to Allstate's Complaint).

12.     The defendants have not produced any communications (including emails, texts, and other forms of electronic communication), they have not produced any bank account records or disclosed any bank account numbers, they have not produced any personnel records, they have not produced any financial or accounting records (e.g., Quickbooks statements, profit and loss statements, etc.), and they have not produced any records regarding much of the medical equipment they claim to have used to generate the bills at issue in this action.

3

13.    Defendant Jenkins has never served a written response to Allstate's requests for production of documents served on her on November 10, 2020.

14.    I, and others under my direction and supervision, also personally reviewed the documents obtained by Allstate through subpoenas served on third parties in this matter.

15.    On February 25, 2021, in response to a subpoena served by Allstate, Miller Medical Billing LLC (an external biller for Northwest Neurology) produced 285 pages of documents, all of which are copies of electronic communications between it and Northwest Neurology.

16.    Prior to this production, on February 22, 2021, I received a voicemail from a person identifying himself as Kevin Miller of Miller Medical Billing LLC. He stated that he had spoken with Jenkins and her attorney, and that they told him that he did not have permission to release materials in response to Allstate's subpoena.

17.    Allstate has obtained at least 59,349 pages of records from Google LLC and Oath Holdings, Inc. (f/k/a Yahoo!) that contain metadata identifying communications sent and received by the email accounts nwnneurology@gmail.com, nwneurology@gmail.com, cicelyfisher29@gmail.com, jackie.northwestclinic@gmail.com, khinesnwn@gmail.com, drjenk@yahoo.com, and nwneurology215@yahoo.com, all of which are email accounts used by defendants Northwest Neurology and Jenkins. The vast majority of these pages contain records of multiple communications.

18.    Exhibit D to Allstate's motion accurately reflects examples of communications documented by the records produced by Google LLC and Oath Holdings, Inc. (f/k/a Yahoo!) that are clearly responsive to Allstate's requests for production of documents.

19.    I have personally had several conversations with representatives of Edwards Medical Billing LLC, which is also an external biller for Northwest Neurology. During the most

4

recent conversation, which was prompted by service of Allstate's motion for an order to show cause (*ECF No. 70*), an individual who identified himself as an owner of Edwards Medical Billing LLC disclosed that there were numerous responsive materials in the possession of Edwards Medical Billing LLC.  Allstate has not received any documents from Edwards Medical Billing LLC nor has it received any further communication from the company or any representatives thereof.

20.     Further, Allstate has not received any documents from the defendants relative to Edwards Medical Billing LLC notwithstanding this admission that numerous responsive documents exist.

21.     Following the hearing on May 14, 2021, Allstate prepared a detailed correspondence to Northwest Neurology and Jenkins itemizing the discovery deficiencies that have not been addressed.

22.     Allstate also repeatedly requested yet another conference with counsel for the defendants to determine whether they would comply with the Court's direction, and such conference was held on May 19, 2021.

23.     During the May 19, 2021 conference, counsel for Northwest Neurology and Jenkins finally admitted that the defendants possess large numbers of documents that had not been searched or produced despite nearly seven (7) months of discovery having passed, despite clearly missing all deadlines to properly raise such objections, and despite repeatedly claiming to the Court that the defendants had substantially complied with Allstate's discovery requests.

24.     Allstate waited an additional eight (8) days before filing this renewed motion in the hope that the defendants would finally produce the materials responsive to its discovery requests. The last communication from counsel for the defendants vaguely referenced "boxes" of

documents, but Allstate has received not a single document from the defendants since the April 26, 2021 production referenced above.

FURTHER YOUR AFFIANT SAYETH NOT.

Signed under the pains and penalties of perjury this 27th day of May, 2021.

Signature: _____
Andrew H. DeNinno

Sworn to and subscribed before me 27th day of May, 2021:

Notary Public

GAYLE L. FASANO
Notary Public
Massachusetts
Commission Expires Feb 11, 2022

6