# EXHIBIT K

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE
COMPANY, et al.,

    Plaintiffs,                                    Civil Action No. 16-CV-13657

vs.                                            HON. BERNARD A. FRIEDMAN

SUMMIT PHYSICIANS
GROUP, PLLC, et al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants have filed a motion in this matter [docket entry 219] for reconsideration of the portion of the Court's November 9, 2018, order granting plaintiffs' renewed motion for sanctions and entry of default judgment against defendants. The motion is denied because defendants have failed to show "a palpable defect by which the Court . . . [has] been misled [and] that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).

Defendants claim that one "palpable error" was that they were not given an opportunity to respond to plaintiffs' ex parte motion for leave to file a supplemental brief in support of their renewed motion for sanctions and default judgment against defendants. Defs.' Br. at 9. However, the Court denied as moot plaintiffs' ex parte motion following the hearing on November 7, 2018 [docket entry 216]. At the hearing, which lasted approximately one hour, defendants had an opportunity to discuss Mr. Nefcy's email, and they give no indication that an additional explanation included in a response to plaintiffs' motion would alter the disposition of the case.

As to the Court's reasoning regarding the entry of default judgment, the Court indicated at the hearing that it relied on this matter's extensive record in making its decision. The Court held status conferences and/or hearings in March, April, May, June, July, August, and November 2018 to discuss discovery matters, the appointment of a discovery master, and the consequences of non-compliance with the Court's orders, such as costs, sanctions, and default judgment. Plaintiffs, who filed the complaint over two years ago, were prejudiced by the defendants' non-compliance, as reflected by the Court's prior orders imposing costs and sanctions on defendants and/or their attorneys. Further, defendants were warned in August 2018 that judgment would be entered against them if they failed to comply with the Court's order regarding the completion of discovery. "[A] prior warning that failure to comply with a discovery order will result in dismissal is pivotal both to the determination of willfulness and to the ultimate decision to dismiss." *Field v. Unified Holding Int'l*, No. 10-12829, 2013 WL 607770, at *3 (E.D. Mich. Jan. 30, 2013) (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)). Defendants have not shown that the Court's analysis regarding the imposition of default judgment was improper. Accordingly,

IT IS ORDERED that defendants' motion for reconsideration is denied.

Dated: December 3, 2018  
Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on December 3, 2018.

s/Johnetta M. Curry-Williams  
Case Manager

2